PER CURIAM.
Defendant Arthur Benwoir pleaded guilty to two counts of attempted aggravated rape, La.R.S. 14:27 and 14:42, and two counts of armed robbery, La.R.S. 14:64. He was sentenced to fifty (50) years at hard labor for the two attempted rapes. In connection with the armed robberies, he was sentenced as a second felony offender under La.R.S. 15:529.1 to fifty (50) years at hard labor on each count. Defendant had filed a motion to quash the multiple bill on the grounds that the abolishment of eligibility for diminution of sentence by Acts 1977, No. 633, § 1 for persons sentenced as habitual offenders after September 9, 1977 was an ex post facto law when applied to persons who committed the underlying offense prior to that date. The trial court denied the motion and defendant appealed.
In State v. Curtis, 363 So.2d 1375 (La. 1978), this Court, overruling its earlier decision in State v. Wilson, 360 So.2d 166 (La. 1978), held that a defendant cannot be subjected to provisions of La.R.S. 15:571.3(C), enacted between the time he committed the offense and the time he was tried and convicted, under which a person sentenced as a multiple offender, and who has been con *1107 victed one or more times of certain enumerated offenses, is denied eligibility for diminution of sentence for good behavior. The application of the amended provisions to a defendant who committed the offense prior to enactment of the state violates the ex post facto prohibitions contained in both the United States and Louisiana Constitutions. U.S.Const. art. I, § 9; La.Const. art. I, § 23 (1974).
In the instant case, the two armed robberies for which defendant was being sentenced occurred on June 6,1977 and June 8, 1977, prior to the effective date of Acts 1977, No. 633, § 1 which calls for automatic denial of good time for a particular class of multiple offenders. La.R.S. 15:571.3(C). Thus under Curtis, defendant’s sentence without benefit of diminution of sentence for good behavior is improper at this time. The case must be remanded to the trial court for resentencing under the discretionary authority vested with the trial court by La.R.S. 15:571.3(C) as amended by Acts 1975, No. 727, § 1, the provision in effect at the time of the commission of the underlying offenses.
Defendant has also argued that Acts 1977, No. 665, § 1, which amended La.R.S. 15:571.4 to provide for the computation of time for all sentences on the basis of fifteen, rather than twenty-five, days per month for time actually served for all inmates convicted after September 9, 1977, is an ex post facto law as applied to persons who committed offenses prior to that date. This Court has recently reached this same conclusion. State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978). Therefore, if the trial court in the exercise of its discretion determines that defendant shall not be denied eligibility for diminution of sentence for good behavior, defendant’s good time shall be computed on the basis of twenty-five days per month for time actually served, as provided for by La.R.S. 15:571.4 as amended by Acts 1974, No. 200, § 1, the provision in effect at the time of the commission of the armed robberies.
Accordingly, the case is remanded to the trial court for resentencing in accordance with law.